IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZAKII TAWWAB WAHIID, ) | |
| Inmate #K52467, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO.  06-740-GPM |
| ) | |
| JASON C. GARNETT, PRISONER ) | |
| REVIEW BOARD, and ILLINOIS ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, acting *pro se*, brings this action seeking a writ of mandamus pursuant to Illinois statute.  *See* 735 ILCS 5/14-101 *et seq*.  Plaintiff requests that the Court order officials of the Illinois Department of Corrections to alter the term of mandatory supervised release that he is required to serve at the end of the criminal sentence imposed by an Illinois court because the statute dictating that term is unconstitutional on its face and in its application.  Without expressing any opinion as to the merits of his claim, the Court finds that the action must be dismissed.

The Illinois statute under which Plaintiff brings this action does not bind a federal court. That procedural statute governs the issuance of writs of mandamus by Illinois state courts.  "The federal government is not the enforcer of state law."  *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).  Thus, Plaintiff has chosen the wrong procedural vehicle for bringing his claims.

A federal court may, under certain circumstances, have the power to compel a state official to action. *See* 28 U.S.C. § 1651. Mandamus, however, is an extraordinary remedy reserved only for "extreme situations." *See United States v. Byerley*, 46 F.3d 694 (7th Cir. 1995).

> A writ of mandamus "traditionally is available only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Id.* (citation omitted). The party seeking mandamus has "the burden of showing that its right to issuance of the writ is 'clear and indisputable.'"

*Id., citing Will v. United States*, 389 U.S. 90, 96 (1967). Petitioner has made no showing of a "clear and indisputable" right to mandamus. Even if he had, there is no need to resort to such extraordinary relief when the avenue of habeas corpus is available to Petitioner for bringing his claim provided he has exhausted the remedies available to him in state court. Habeas corpus is the sole federal remedy for challenging the fact or duration of an inmate's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

> Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court. *See* 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1998); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998). The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obligated to follow federal law and from the desire for comity between state and federal court systems. *See O'Sullivan*, 526 U.S. at 844-45, 119 S. Ct. 1728; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L .Ed. 2d 640 (1991). A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999).

*Spreitzer v. Schomig*, 219 F.3d 639 , 644-45 (7th Cir. 2000). "A petitioner presents [his] claims fully simply by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Howard*, 185 F.3d at 725; *Kurzawa*, 146 F.3d at 440. Further, "[i]f a prisoner fails to

present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Plaintiff has presented some evidence that he attempted to challenge his sentence in state court, but the scant information he provides is ambiguous as to whether the state court has issued a final ruling on the claim, or even as to whether Plaintiff presented this particular claim to the state court at all. If Petitioner chooses to bring this claim in a habeas corpus action, the Court ***strongly urges*** Petitioner to do so on the Court's form upon which Petitioner may clearly indicate the procedural posture of the claim in state court. The Clerk of Court is **DIRECTED** to forward to Petitioner with a copy of this order the Court's state habeas corpus form.

Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**IT IS SO ORDERED.**

DATED: 01/10/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge